**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **John Doe et al.,** | **Case No. 1:26-cv-01014** |
| **Plaintiffs,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Brecksville-Broadview Heights School District Board of Education, et al.,** | **MEMORANDUM OPINION & ORDER** |
| **Defendants.** | |

Currently pending before the Court are Defendant Brecksville-Broadview Heights School District Board of Education's (the "BOE") Motion for Determination Pursuant to Ohio Revised Code § 2744.07 and Motion to Stay Default Judgment (the "Motion for Determination") and Danielle Kovacs's ("Kovacs") Motion to Vacate Entry of Default. (Doc. Nos. 20, 28.) Plaintiffs John Doe, a Minor, by and through his parent and next friend, Jane Doe ("John Doe"), and Jane Doe, Individually ("Jane Doe") (together "Plaintiffs")[1] filed a Brief in Opposition to the Motion for Determination (the "Opposition") and the BOE filed its Reply in Support of the Motion for Determination (the "Reply"). (Doc. Nos. 20-21.) No opposition has been filed in response to Kovacs's Motion to Vacate Entry of Default. For the following reasons, the Court denies the Motion for Determination and grants the Motion to Vacate Entry of Default.

## I. Background

On April 30, 2026, Plaintiffs filed their Complaint against Defendants the BOE, Jeffrey D. Harrison, Joelle Magyar, Brian Wycuff, Joshua Hanes, Colleen Toth, Kimberly Dirocco, and

[1] On April 30, 2026, Plaintiffs filed a Motion for Permission to Proceed Under Pseudonym. (Doc. No. 2.) Finding it unopposed, the Court granted Plaintiffs' motion and allowed them to proceed under pseudonyms. *See* Non-Doc. dated Sept. 9, 2026.

Kovacs (collectively "Defendants").[2] (Doc. No. 1.) Jane Doe is the natural parent and mother of John Doe, who is a minor and student currently residing in the Brecksville-Broadview Heights City School District ("BBHCSD") and attending a school operated by Defendant BOE. (*Id.*, ¶ 1.) Kovacs was employed by the BOE as a health aide. (*Id.*, ¶ 10.) Plaintiffs allege that "[s]tarting as early as Fall of the 2021 school year (and perhaps even earlier), Kovacs, while assigned and on duty as a Health Aide, engaged in a medication theft spree from multiple elementary students ages 5 to 12." (*Id.* ¶ 13.) "The medications she was pilfering had been prescribed for the exclusive use of her child-victims and were essential for each victim's physical, emotional, and educational well-being." (*Id.*) "Kovacs's ongoing theft spree dramatically affected the children's ability to perform at school and severely damaged their physical, emotional, and psychological health, confidence, trust, and self-esteem." (*Id.*)

As a result, Plaintiffs bring Section 1983 claims for violations of substantive due process under the Fourteenth Amendment, their right to bodily integrity under the Fourth and Fourteenth Amendments, negligence, violation of Section 3313.713 of the Ohio Revised Code, and bailment against all Defendants. (*Id.*, ¶¶ 64-78, 93-101, 109-129.) Plaintiffs also assert a Section 1983 claim for violation of the Fourteenth Amendment's Equal Protection clause against the BOE. (*Id.*, ¶¶ 79-86.) Plaintiffs bring claims for supervisory liability under Section 1983, violation of Ohio Revised Code Section 2151.421, and willful and wanton misconduct, against the BOE, Jeffrey D. Harrison, Joelle Magyar, Colleen Toth, and Kimberly Dirocco. (*Id.*, ¶¶ 87-92, 102-108, 130-135.) Finally, they assert a claim for intentional infliction of emotional distress against Kovacs. (*Id.*, ¶¶ 136-141.)

---

[2] The individual defendants are named in their individual and official capacities.

On June 29, 2026, Defendants, excluding Kovacs, answered the Complaint. (Doc. No. 13.) On July 15, 2026, Kovacs was served via certified mail. (Doc. No. 15.) On August 13, 2026, more than twenty-one days after her answer was due, Plaintiffs filed their Motion for Entry of Default against Kovacs. (Doc. No. 17.) On August 18, 2026, the Clerk entered default against Kovacs. (Doc. No. 18.) That same day, the Court entered a case management conference scheduling order and set a conference for September 21, 2026. (Doc. No. 19.) On August 24, 2026, the BOE filed the Motion for Determination, and Plaintiffs responded on August 27, 2026. (Doc. Nos. 20-21.) The BOE filed its Reply on September 2, 2026. (Doc. No. 22.) In light of this briefing, the Court canceled the case management conference and directed the BOE to serve the Motion for Determination, the Opposition, the Reply, and the instant order upon Kovacs, since she is unrepresented in this action and therefore does not receive notifications via CM-ECF. *See* Non-Doc. dated Sept. 21, 2026. The Court ordered Kovacs to respond within thirty (30) days of service of the Motion for Determination. (*Id.*) Defendants, excluding Kovacs, filed a Notice of Compliance indicating that they had served Kovacs with the requisite documents on September 29, 2026. (Doc. No. 25.)

On October 27, 2026, David J. Horvath filed a Notice of Appearance as counsel for Kovacs. (Doc. No. 27.) That same day, Kovacs filed a Motion to Vacate Entry of Default. (Doc. No. 28.) In addition to asking this Court to set aside the clerk's entry of default, therein, Kovacs acknowledged that her response to the Motion for Determination would be due on October 29, 2026. (*Id.*, PageID# 141.) Kovacs generally requests "this Court to enter an Order Vacating Default thereby, and allowing her additional time to file an answer and any other appropriate responses to pending motions" although she does not specify how much time she might need. (*Id.*, PageID# 142.) More than thirty days have passed since Kovacs received the documents and she

still has not filed a response to the Motion for Determination, thus the Motion for Determination and the Motion to Vacate Entry of Default are ripe for this Court's review.

## II. Legal Standard

Section 2744.07 of the Ohio Revised Code provides in relevant part that:

> [A] political subdivision shall provide for the defense of an employee, in any state or federal court, in any civil action or proceeding which contains an allegation for damages for injury, death, or loss to person or property caused by an act or omission of the employee in connection with a governmental or proprietary function. Amounts expended by a political subdivision in the defense of its employees shall be from funds appropriated for this purpose or from proceeds of insurance.

Ohio Rev. Code § 2744.07(A)(1). The statute carves out several exceptions to this duty to defend. It sets forth that "[a] political subdivision does not have the duty to provide for the defense of an employee under division (A)(1) of this section if" "[t]he act or omission occurred while the employee was not acting in good faith" or "[t]he act or omission occurred while the employee was acting manifestly outside the scope of the employee's employment or official responsibilities." § 2744.07(A)(2)(a)-(b).

The statute also provides in relevant part that:

> [A] political subdivision shall indemnify and hold harmless an employee in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court or as a result of a law of a foreign jurisdiction and that is for damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function.

§ 2744.07(B)(1). However, the same exceptions apply, notably that a political subdivision is not required to indemnify and hold harmless an employee under division (B)(1) of this section if "[a]t the time of the act or omission, the employee was not acting in good faith" or "[a]t the time of the act or omission, the employee was not acting within the scope of the employee's employment or official responsibilities." § 2744.07(B)(2)(a)-(b).

Lastly, Section 2744.07(D) reads:

> If a political subdivision refuses to provide an employee with a defense in a civil action or proceeding as described in division (A) of this section, upon the motion of the political subdivision, the court shall conduct a hearing regarding the political subdivision's duty to defend the employee in that civil action. The political subdivision shall file the motion within thirty days of the close of discovery in the action. After the motion is filed, the employee shall have not less than thirty days to respond to the motion.
>
> At the request of the political subdivision or the employee, the court shall order the motion to be heard at an oral hearing. At the hearing on the motion, the court shall consider all evidence and arguments submitted by the parties. The court shall determine whether the political subdivision has the duty to defend the employee under division (A) of this section. The pleadings shall not be determinative of whether the employee acted in good faith or was manifestly outside the scope of employment or official responsibilities.

## III. Analysis

In the Motion for Determination, the BOE argues that it lacks a duty to defend or indemnify Kovacs because she was not acting in good faith or within the scope of her employment at the time of the acts. (Doc. No. 20, PageID# 96.)[3] The BOE maintains that it is exempted from performing these duties because Kovacs was criminally convicted in the Cuyahoga County Court of Common Pleas for five counts of "Theft of Drugs" and one count of "Tampering with Records." (*Id.*, PageID# 97) (citing *State of Ohio v. Danielle Kovacs,* Cuyahoga C.P. No. CR-24-693291-A (Jan. 22, 2025). The BOE asks this Court to stay any action as to the entry of default against Kovacs

[3] The BOE argues that this Court has jurisdiction to adjudicate whether the BOE possesses these duties. (Doc. No. 20, PageID# 94.) Plaintiffs do not disagree, and neither does this Court. Having brought several claims under Section 1983, Plaintiffs invoke this Court's federal question jurisdiction. *See* (Doc. No. 1); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). This Court therefore has supplemental jurisdiction over Plaintiffs' state-law claims because together with Plaintiffs' federal law claims, they form part of the same case and controversy. 28 U.S.C. § 1367. Thus, this Court has jurisdiction over whether the BOE has a duty to defend and indemnify Kovacs. *Cf. Graciani v. Bd. of Educ. of Toledo City Sch. Dist.*, 2025 WL 3214300, at *2 (N.D. Ohio Nov. 18, 2025) (finding the district court lacked jurisdiction to declare whether the defendant school board had a duty to defend or indemnify because plaintiff raised only federal claims).

until it resolves the question as to these duties and asks this Court to decide the applicability of Section 2744.07 now so that Kovacs has an opportunity to secure counsel. (*Id.*, PageID#s 98-99.)

In the Opposition, Plaintiffs ask this Court to hold its decision in abeyance until after the close of discovery and ask the Court to order the BOE to provide Kovacs with an attorney throughout discovery and briefing as the statute requires. (Doc. No. 21, PageID# 106.) First, Plaintiffs argue that the statute creates an affirmative duty which obligates the BOE to defend Kovacs until the close of discovery. (*Id.*, PageID# 108.) Second, they assert that there is not enough information for this Court to determine whether the BOE must perform these duties as the inquiry is fact-dependent and the BOE's reference to Kovacs' criminal conviction is not dispositive. (*Id.*, PageID# 111.) Third, Plaintiffs contend that the BOE's decision not to defend Kovacs does not create a basis that would support a stay. (*Id.*)

In the Reply, the BOE asserts that discovery is not a pre-condition for a hearing and that the Court currently has enough information before it to decide whether the BOE has a duty to defend and indemnify Kovacs. (Doc. No. 22, PageID# 123.) First, it argues that Plaintiffs lack standing to intervene in these questions of duty. (*Id.*, PageID# 117.)[4] Second, the BOE contends that the statute does not require it to defend Kovacs through to the close of discovery. (*Id.*, PageID# 119.) Third, it asserts that the BOE can present evidence of her criminal conviction at the hearing. (*Id.*, PageID# 124.) Fourth, it argues that merely because the statute gives a political subdivision thirty days after the close of discovery to file a motion on the duty to defend does not mean that a political subdivision must wait until after the close of discovery to file any such motion. (*Id.*)

[4] This Court rejects this argument. The BOE cites only *Ayers v. City of Cleveland*, 99 N.E.3d 1269, 1276 (Ohio App. 8th Dist. 2017) to support this assertion. There, the Court of Appeals evaluated whether a third-party judgment creditor had standing to bring a private cause of action against a political subdivision to enforce that subdivision's obligations to employees under R.C. 2744.07(A)(2). *Id.* Here, Plaintiffs are not bringing a cause of action to enforce the BOE's duty to indemnify Kovacs. Rather, the BOE filed this Motion, seeking determination on its own obligations under the statute. Plaintiffs responded to the Motion as it directly implicates the entry of default they obtained against Kovacs.

**A. The BOE is not required to defend Kovacs before the close of discovery.**

Plaintiffs argue that the BOE has an affirmative duty to defend Kovacs until the close of discovery and ask this Court to order the BOE to obtain counsel for Kovacs. (Doc. No. 21, PageID#s 108-10.) Plaintiffs support this argument by referencing the Sixth Circuit decision in *Anderson v. Sutton*, 717 F. App'x 548 (6th Cir. 2017) and the Southern District of Ohio's decision in *Gillispie v. Miami Township,* Case No. 3:13-cv-00416 (Doc. No. 260, PageID#s 10910-13) (S.D. Ohio Sept. 21, 2020). (Doc. No. 21, PageID#s 109-110.) First, Plaintiffs argue that in *Anderson*, the defendant employee, whom the political subdivision did not wish to defend, was represented through to the close of fact discovery. *Id*. (citing *Anderson*, 717 F. App'x at 550). But *Anderson* does not support Plaintiffs' proposition that the statute creates an affirmative duty for political subdivisions to represent their employees until the close of discovery. In *Anderson*, the Sixth Circuit noted that the district court appointed *pro bono* counsel for the defendant employee. *Anderson*, 717 F. App'x at 550. The district court did exercise its discretion to appoint *pro bono* counsel for the defendant employee based on the seriousness of the allegations against her. *Anderson*, Case No. 14-cv-01272, (Doc. No. 28) (N.D. Ohio Oct. 9, 2014.) However, the political subdivision did not provide a defense for the defendant employee and the district court did not require it to do so. *See Anderson*, 717 F. App'x at 550.

Second, Plaintiffs cite *Gillispie v. Miami Township*, pointing out that there, the district court declined to determine the political subdivision's duty to indemnify the defendant employee on ripeness grounds. (Doc. No. 21, PageID# 110) (citing *Gillispie v. Miami Twp.*, Case No. 3:13-cv-00416 (Doc. No. 298, PageID#s 10910-13) (S.D. Ohio Sept. 21, 2020). However, the district court's decision offers no support for Plaintiffs' position that Section 2744.07 creates an affirmative duty for political subdivisions to defend their employees until the close of discovery.

Plaintiffs offer no support for their argument that the BOE must provide a defense for Kovacs through to the close of discovery.

Indeed, the language of the statute contradicts Plaintiffs' argument and expressly permits a political subdivision to decline to provide representation to its employees. Section 2744.07(D) provides in relevant part that:

> *If a political subdivision refuses to provide an employee with a defense* in a civil action or proceeding as described in division (A) of this section, upon the motion of the political subdivision, the court shall conduct a hearing regarding the political subdivision's duty to defend the employee in that civil action. The political subdivision shall file the motion within thirty days of the close of discovery in the action. After the motion is filed, the employee shall have not less than thirty days to respond to the motion.

Ohio Rev. Code § 2744.07(D) (emphasis added).[5] *See also Taylor v. Hooven*, 2025 WL 1474623, at *3 (S.D. Ohio May 22, 2025) (declining to dismiss defendant employee's declaratory judgment claims against the political subdivision as to its duty to defend and indemnify him under § 2744.07 finding that "the merits determination is best made after discovery"). Thus, the BOE need not defend Kovacs at this stage of the proceedings, and this Court rejects Plaintiffs' request to order the BOE to provide Kovacs with counsel.[6]

**B. It is premature for this Court to decide whether the BOE has a duty to indemnify Kovacs.**

"Generally, a claim may not be adjudicated on its merits unless it is ripe." *Jackson v. City of Cleveland*, 925 F.3d 793, 807 (6th Cir. 2019) (citing *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997)). "A claim is unripe when it 'is anchored in future events that may not occur as anticipated, or at all.'" *Id.* (quoting *Magaw*, 132 F.3d at 284) (citing *Pac. Gas & Elec.*

[5] Finding that no affirmative duty exists, this Court need not discuss the BOE's arguments relating to the legislative history of the statute. *See* (Doc. No. 22, PageID# 120.)

[6] This Court adds that Kovacs is now represented by counsel, so Plaintiffs' arguments asking the Court to appoint her counsel are moot.

*Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 200–01 (1983) and *Dames & Moore v. Regan*, 453 U.S. 654, 689 (1981))). "This prohibition comes both from the case or controversy requirement of Article III and from prudential considerations." *Id.* (citing *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985) (noting that a ripeness analysis includes a discretionary determination beyond the Article III standing considerations)).

"The ripeness doctrine exists 'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'" *Id.* (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985)) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, (1967)). "Application of this doctrine 'requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances.'" *Id.* (quoting *Brown*, 763 F.2d at 801). "Of primary importance is 'whether the issues tendered are appropriate for judicial resolution,' and, if so, the degree of 'hardship to the parties if judicial relief is denied' before the claim is allowed to ripen further." *Id.* (quoting *Young v. Klutznick*, 652 F.2d 617, 625 (6th Cir. 1981)) (quoting *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 162 (1967)).

"In performing the ripeness inquiry, [the court] must weigh three factors when deciding whether to address the issues presented for review: 1) 'the likelihood that the harm alleged by the plaintiffs will ever come to pass'; 2) 'whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims'; and 3) 'the hardship to the parties if judicial relief is denied at this stage in the proceedings.'" *Ky. Press Ass'n v. Ky*, 454 F.3d 505, 509 (6th Cir. 2006) (quoting *Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 568 (6th Cir. 1995)) (internal quotation and brackets omitted).

The BOE's request that this Court decide whether it has a duty to indemnify Kovacs is "fixed to [Plaintiffs] obtaining a judgment against [Kovacs]—a future event that may not occur as

anticipated, or at all." *Williams v. City of Canton*, 2022 WL 17552459, at *3 (N.D. Ohio Dec. 9, 2022) (citing *Jackson*, 925 F.3d at 807-08) ("Indemnification claims are frequently brought while unripe, depending as they often do on the favorable adjudication of underlying tort claims. Because of this, as a general matter, a claim for indemnification for damages that may be awarded on an underlying tort claim should not be adjudicated on the merits until the underlying claim is adjudicated.") and *Ayers v. City of Cleveland*, 99 N.E.3d 1269, 1276 (Ohio App. 8th Dist. 2017) ("The statute does not provide a procedure for obtaining indemnification and suggests that the political subdivision's duty to indemnify and hold harmless attaches immediately upon the issuance of the judgment against the employee.").

Applying the first factor, the likelihood that harm alleged by Plaintiffs will come to pass is currently unknown because the merits of Plaintiffs' claims have not been adjudicated. Turning next to the second factor, since this case is only in the pleading stage, there has been no development of the record sufficient to produce a fair decision of the merits of Plaintiffs' claims.[7] Assessing this third factor, there is little hardship to the parties if this Court declines to answer this question at this stage of the proceedings. The BOE argues that "[r]esolving the question of whether [the BOE] has a duty to defend and indemnify [Kovacs] prior to dispositive motions or discovery has the potential to simplify the decisions to be made by all named Defendants and the issues to be decided by the Court." (Doc. No. 20, PageID# 99.) However, this Court will still need to evaluate the merits of the claims brought against Kovacs and the remaining Defendants, regardless of whether it decides the question of the BOE's duty to indemnify at this early stage of the

[7] The BOE relies on the Sixth Circuit's decision in *Gillispie v. Miami Township* to support its view that Kovacs acted in bad faith and outside the scope of her employment, (Doc. No. 20, PageID# 97), but there, the Sixth Circuit evaluated a political subdivision's motion for judgment as a matter of law filed after the conclusion of trial. *Gillispie*, 2025 WL 1276900, *9 (6th Cir. May 2, 2025).

proceedings. Thus, for these reasons, it is premature for the Court to determine whether the BOE has a duty to indemnify Kovacs.

**C. It is premature for this Court to decide whether the BOE has a duty to defend Kovacs.**

The BOE maintains that the question of whether it possesses a duty to defend Kovacs is ripe for this Court's adjudication, but Plaintiffs assert that this Court must wait until after discovery as there is not enough information for this Court to make this determination because the inquiry is fact dependent. (Doc. No. 22, PageID# 123; Doc. No. 21, PageID#s 106, 111.) This Court agrees with Plaintiffs that it is too early to determine whether the BOE possesses a duty to defend Kovacs.

The very cases that the BOE references in support of its request contradict its assertion that the question of its duty to defend is now ripe. For example, in *Taylor v. Hooven*, the district court dismissed the defendant employee's request for a "provisional declaration of the duty to defend based solely on [the] [p]laintiffs' allegations against [him]," holding that "[t]he [c]ourt must determine whether the [political subdivision] has a duty to defend [the defendant employee] against [the] [p]laintiffs' allegations on the merits, not on the basis of the pleadings." *Taylor v. Hooven*, 2025 WL 1474623, at *2 (S.D. Ohio May 22, 2025); *see* (Doc. No. 22, PageID# 120.) In *Taylor*, the district court explained that it "w[ould] be better positioned to determine the merits of both the color-of-state-law issue under 42 U.S.C. § 1983 and the Ohio Revised Code § 2744.07 issues following discovery" and that it "expects the [political subdivision] to move for a determination of its duty to defend [defendant employee] within thirty days after the close of discovery as set forth in § 2744.07(D)." *Id.* at *3. *See also Gillispie*, 2025 WL 1276900, at *3 (evaluating duty to defend after trial had concluded). Section 2744.07(D) provides "[t]he pleadings shall not be determinative of whether the employee acted in good faith or was manifestly outside the scope of employment or official responsibilities." Ohio Rev. Code § 2744.07(D). The

BOE does not cite to a single case in which the court evaluated a political subdivision's duty to defend this early in the proceedings, and such an early evaluation contravenes the language of the statute.

The BOE "acknowledges that in many cases where key facts are unknown at the outset of litigation (including those cited on brief by both [the BOE] and Plaintiffs), it may be necessary for the parties to engage in discovery in order to present the court with necessary evidence regarding whether the employee acted in bad faith or acted beyond the scope of employment." (Doc. No. 22, PageID# 121.) However, the BOE maintains that Kovacs' criminal conviction in the Cuyahoga County Court of Common Pleas for five counts of "Theft of Drugs" and one count of "Tampering with Records" is a sufficient basis on which to evaluate the BOE's duty to defend. (Doc. No. 20, PageID# 97) (citing *State of Ohio v. Danielle Kovacs,* Cuyahoga C.P. No. CR-24-693291-A (Jan. 22, 2025)).

The BOE concedes that "convictions are not necessarily determinative of whether an employee acted in bad faith or beyond the scope of employment for the purposes of § 2744.07, and may present difficult questions of fact regarding whether criminal conduct can still occur within those parameters of conduct deserving of indemnification under the statute." (Doc. No. 22, PageID# 121.) The BOE acknowledges that in *Anderson v. Sutton*, 717 F. App'x 548, 550 (6th Cir. 2017), the Sixth Circuit reversed and remanded the district court's holding that the political subdivision did not have a duty to indemnify defendant employee despite the fact that defendant employee had been criminally convicted for felonious assault.[8] However, the BOE contends that this case is distinguishable from *Anderson* because this case involves an intentional misdeed. This Court is unpersuaded. The BOE cites *Moldowan v. City of Warren* to support this point. (Doc.

[8] This Court points out that in *Anderson* too, the district court decided the duty to defend claim at trial. *See id*. at 550.

No. 22, PageID# 121) (citing *Moldowan v. City of Warren*, 578 F.3d 351, 389 (6th Cir. 2009). However, *Moldowan* has nothing to do with Section 2744.07 and instead deals with the destruction of evidence regarding a motion for summary judgment in a Section 1983 action. *Moldowan*, 578 F.3d at 389. Thus, the BOE fails to support its argument that since Kovacs was convicted for intentional conduct, her conviction presents a unique circumstance in which this Court can evaluate its duty to defend early.

The BOE also argues that the facts available on the criminal docket can be discussed at the hearing and thus offer sufficient evidence to support a finding that the BOE does not have a duty to defend Kovacs. (Doc. No. 22, PageID# 124.) But once again, the BOE offers little support for this proposition. *See Taylor*, 2025 WL 1474623, at *2 (citing *Wallace v. Montgomery Cnty.*, 2018 WL 5792174, at *1 (S.D. Ohio Nov. 5, 2018) (declining to determine the merits of whether the political subdivision had a duty to defend its employee and ultimately reaching this decision after it held a hearing at the summary judgment stage). For these reasons, the Court finds it is premature to evaluate the BOE's duty to defend.[9]

**D. This Court grants Kovacs's Motion to Vacate Entry of Default.**

On August 18, 2026, the clerk entered default against Kovacs. (Doc. No. 18.) In the Motion for Determination, the BOE asks that this Court stay any action as to the entry of default as to Kovacs. (Doc. No. 20, PageID# 99.) As Plaintiffs note in their Opposition, "they have not moved for a default judgment against Defendant Kovacs, only for an entry of default which has already been entered by this Court." (Doc. No. 21, PageID# 106.) The Court notes that there is

[9] Having already found that the application of Section 2744.07(D) prohibits this Court from deciding at this early stage whether the BOE has a duty to defend Kovacs, this Court need not weigh the factors to be considered in determining ripeness. It notes that if it were to apply this test, it would ultimately find that the question is not ripe since the factual record is not sufficiently developed. Furthermore, as this Court explained earlier, Kovacs has secured counsel with David J. Horvath filing an appearance on her behalf on October 27, 2026. (Doc. No. 27.)

currently no pending motion for default judgment for this Court to stay. On October 27, 2026, Kovacs filed a Motion to Vacate Entry of Default. (Doc. No. 28.) More than fourteen days have passed since this Motion to Vacate Entry of Default was filed and neither the answering Defendants nor Plaintiffs have filed a brief in opposition. This Court grants the Motion to Vacate Entry of Default but for reasons different than those set forth therein.

In the Motion to Vacate Entry of Default, Kovacs argues that this Court should enter an order vacating the clerk's entry of default against Kovacs because Plaintiffs did not serve the Motion for Clerk's Entry of Default upon Kovacs and give her an adequate opportunity to respond. (Doc. No. 17.) Kovacs's counsel acknowledges that while Plaintiffs note service upon Kovacs in the Motion for Entry of Default Judgment, this request for service was predicated on Kovacs receiving notifications via CM-ECF, which she had not. The Federal Rules of Civil Procedure impose a service requirement for motions for default judgment under Rule 55(b) but do not impose the same requirement for motions for Clerk's Entry of Default, Rule 55(a). *See Feaster v. Chambers-Smith*, 2023 WL 11878658, at *2 (S.D. Ohio Nov. 16, 2023) (quoting *Citizens Bank v. Parnes*, 376 F. App'x 496, 506 n.5 (6th Cir. 2010) (quoting Fed. R. Civ. P. 55(a)) ("There is no notice requirement for the clerk's initial entry of default under Rule 55(a), so long as the failure to defend is demonstrated by 'affidavit or otherwise.'").[10]

The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "This standard is 'extremely forgiving to the defaulted party.'" *Obimpeh v. Mayorkas*, 2023 WL 12121718 (S.D. Ohio Sept. 15, 2023) (quoting *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010)). "The Court must consider three factors to determine whether there is good cause: (1) whether Defendant's 'culpable conduct' led to the default, (2) whether

[10] Plaintiffs served the complaint and summons upon Kovacs on July 15, 2026. (Doc. Nos. 15, 17, 18.)

Defendant's defense is 'meritorious,' and (3) whether Plaintiff would be prejudiced." *Id.* (quoting *$22,050.00 U.S. Currency*, 595 F.3d at 324) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). "Of those factors, the Court must consider 'prejudice to the plaintiff and the presence of a meritorious defense' the most important. *Id.* (quoting *$22,050.00 U.S. Currency*, 595 F.3d at 324-25.) "Rule 55(c) also 'favor[s] a policy of resolving cases on the merits instead of ... procedural missteps.'" *Id.* (quoting *$22,050.00 U.S. Currency*, 595 F.3d. at 322.)

While factors one and two may may weigh against vacating the entry of default, the key factor in this Court's analysis is prejudice. Plaintiffs have not demonstrated any prejudice and did not even file a brief in opposition to the Motion to Vacate Clerk's Entry of Default. In fact, in their Opposition to the Motion for Determination, they argue that this Court should appoint counsel to represent Kovacs. (Doc. No. 21, PageID#s 108-10.) Thus, this Court will presume Plaintiffs would not be prejudiced by allowing Kovacs to file an answer. Accordingly, this Court grants Kovacs's Motion to Vacate Entry of Default (Doc. No. 28) and vacates the clerk's entry of default against Kovacs (Doc. No. 18).[11] As such, Kovacs must file an answer to Plaintiff's Complaint (Doc. No. 1) within twenty-one (21) days of the date of this Memorandum Opinion and Order.

## IV. Conclusion

For the reasons set forth herein, this Court denies the BOE's Motion for Determination Pursuant to Ohio Revised Code § 2744.07 and Motion to Stay Default Judgment (Doc. No. 20) because it is premature for this Court to decide whether the BOE has a duty to defend or a duty to

---

[11] With neither the answering Defendants nor Plaintiffs indicating their opposition to the Motion to Vacate Clerk's Entry of Default, this Court may also grant the Motion to Vacate Clerk's Entry of Default on the grounds that it is unopposed. *See also Humphrey v. U.S. Attorney Gen.'s Office*, 279 F.App'x 328, 331 (6th Cir. 2008) ("where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motion to dismiss, the arguments have been waived.") (quoting *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989)) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

indemnify Kovacs. This Court grants Kovacs's Motion to Vacate Entry of Default (Doc. No. 28) and vacates the clerk's entry of default against Kovacs (Doc. No. 18). As such, Kovacs must file an answer to Plaintiff's Complaint (Doc. No. 1) within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE

Date: November 19, 2026